UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rodricka Jermaine Gambrell, | ) | C/R No.: 6:06-cr-1094-GRA-2 |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before this Court on the motion of Rodricka Jermaine Gambrell. On September 15, 2008, Mr. Gambrell filed a *pro se* motion with this Court to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. The undersigned directed the United States Attorney to file a response pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The United States Attorney submitted a response on October 8, 2008. This Court has thoroughly reviewed the motion, case file, the United States' Response and records in this case. This Court finds that a decision may be rendered on the Motion without an a hearing. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, the Petitioner's Motion to Vacate must be DENIED.

## **BACKGROUND**

On October 10, 2006,the petitioner was named in a two count Indictment filed in the United States District Court District of South Carolina. The first count charged

Page 1 of 10

the petitioner for making a false statement in the acquisition of a firearm in violation of Title 18 U.S.C. Sections 922(a)(6) and 922(a)(2). Count two charged the petitioner with possession of a firearm in violation fo Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e). The petitioner plead guilty to Count Two of the Indictment on November 28, 2006 before this Court. He was represented by Mr. Bradley Bennett at the plea hearing.

Prior to sentencing, a Presentence Report was prepared and reflected the petitioner's criminal history category as VI and an offense level of 30 resulting in a sentencing guideline range of 180 to 210 months with no more than 5 years supervised release. The probation officer recommended that Petitioner receive a sentence of one hundred eighty (180) months imprisonment and five (5) years supervised release. There were no objections to the Presentence Report.

During the sentencing hearing, the petitioner was represented by Mrs. Salvini. Mrs. Salvini requested the Court sentence the petitioner to the statutory minimum. This Court adopted the recommendation of the probation officer and granted the request of the petitioner and sentenced him to one hundred eighty (180) months imprisonment. In addition to the period of incarceration, this Court also imposed a period of five (5) years supervised release. This sentence imposed was the statutory minimum period of incarceration for the offense to which the petitioner plead guilty. Petitioner filed a direct appeal challenging the length of his sentence. The Fourth

Circuit affirmed the petitioner's sentence in an Unpublished Opinion on October 23, 2007.

## STANDARD OF REVIEW

Plaintiff brings this claim *pro se.* Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982). This Court will construe the petitioner's motions liberally.

## ANALYSIS

In the instant petition, Petitioner challenges his guilty plea and the sentence imposed. Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel. He alleges he was uninformed about the nature of the charges, that he was told he would not get more than eight and one half years, that his attorney committed fraud on the court when he filed a false protective order, that he did not have the opportunity to dispute the other felonies in the presentence report, that his sentence exceeds the maximum sentence allowed by statute. (Petitioner's Supporting Memorandum). The Court has reviewed the petition and the transcripts from both the plea hearing and the sentencing hearing and finds the petitioner's arguments without merit.

**GROUND 1:** **The petitioner claims ineffective assistance of counsel in that his attorney misinformed him on the amount of time he**

>   **would receive rendering his plea involuntary. He also claims that he did not know he was pleading guilty as an armed career offender.**

"[T]he right to counsel is the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668,685 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). The purpose of this requirement is to ensure each criminal defendant receives a fair trial. *Strickland*, 466 U.S. at 686. During guilty plea negotiations and proceedings, a petitioner must show two things to evince ineffective assistance of counsel: (1) attorney error—that the attorney's representation fell below an objective standard of reasonableness; and (2) prejudice—"that there is a reasonable probability that, but for the counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

After a guilty plea is entered, the relevant inquiry for a claim of ineffective assistance of counsel is set forth in *Strickland*. First, the defendant must show that his counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced his defense. *Id.* at 687. In order to prove prejudice, the defendant must show that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The petitioner has the burden of proving that the alleged deficiencies were in fact prejudicial to the outcome of the proceedings.

Petitioner first claims that his attorney was ineffective for failing to adequately advise him for the amount of time he would be facing. He alleges that his attorney told him that he would receive no more than eight and one half years. This argument is without merit. First, Gambrell told the Court he had received a copy of the indictment, (Plea. Tr. P. 21-22), and the indictment states that the penalties for 18 U.S.C. § 922(g)(1) is a maximum term of imprisonment for not more than ten (10) years and supervised release for three (3) years. For the violation of 18 U.S.C. § 924(e), the maximum possible penalty is life imprisonment and the minimum is not less than fifteen (15) years imprisonment and a supervised release of six (6) years. The contents of the indictment were read to the petitioner at the plea hearing. The petitioner also stated under oath that no one had made any prediction, prophecy, or promise as to what his sentence would be. (Plea. Tr. P. 39). The petitioner was well informed regarding the potential penalty for the crime he committed. After reviewing the indictment, this Court finds that Gambrell cannot show that he was uninformed regarding the nature and potential penalties of the charge; therefore, this claim must fail. *See Strickland.* 466 U.S. at 687*.*

Petitioner argues that he should be able to dispute the prior convictions. The petitioner did have an opportunity to object to the prior convictions in his presentence report. When asked at the sentencing hearing if he had any objections, he stated that he did not. (Sentencing Tr. P. 2). This issue was also addressed and resolved on

appeal at the Fourth Circuit and the petitioner is procedurally barred from raising it again. *See Davis v. U.S.*, 417 U.S. 333 (1974).

The petitioner has failed to establish that his attorney's representation fell below an objective level of reasonableness or any resulting prejudice. Petitioner's Motion to Vacate is DENIED as to this issue.

### GROUND 2.     Counsel filed a fraudulent protective or to avoid appearing in court with the petitioner

The Petitioner argues that he was denied his constitutional right to effective assistance of counsel because his attorney filed a protective order "to get off Petitioner's case prior to sentencing, knowing beforehand, Petitioner would have complained about the 15 year sentence, when counsel assured him that in exchange for the guilty plea, the charges against the 'co-defendant' would be dropped and the maximum you [sic] will receive is 8 ½ years." (Petition P. 5). Mr. Bennett stated that he negotiated a plea where the charges were dropped against the petitioner's co-defendant. The charges were dropped at the sentencing hearing. (Sentencing Tr. P. 8).

After the guilty plea, Mr. Bennett stated he prepared the petitioner for sentencing and also told him that he would be out of the country on a planned trip and that his law partner would be present in his absence. (Exhibit A to Government's Response, Affidavit of Bradley Bennett P.2). Ms. Salvini appeared on behalf of Mr. Bennett at sentencing on April 12, 2007. At the hearing, the Court asked the

petitioner if her substitution was permissible and he stated it was permissible. (Sentencing Tr. P. 8). The petitioner has not shown any prejudice from the substitution of counsel at the sentencing hearing as required by *Strickland*.  The fact that the petitioner would have "complained" does not show the requisite prejudice.  Petitioner's Motion to Vacate is also DENIED as to this issue.

### GROUND 3.         Counsel's alleged failure to review the Presentence Report with the petitioner

Petitioner also claims that he is entitled to § 2255 relief because his counsel was ineffective in failing to review the Presentence Report with him.  This claim is also without merit.  At the Sentencing Hearing, on April 12, 2007, this Court questioned Petitioner about this very issue:

THE COURT: Have you had ample opportunity to read and discuss with

your lawyer the Presentence Report?

MR. GAMBRELL: Yes, Sir.

THE COURT: And the Court notes there are no objections.  Do you wish

to raise any at this time?

MR. GAMBRELL: No, objections.

THE COURT: There being no objections, the Presentence Report is

adopted by the Court as its findings of fact and made a part of the

record.

(Sentencing Tr. 2) "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland* 466 U.S. at 691. Because petitioner himself stated that he had sufficient time to go over the Presentence Report with his counsel, his attorney cannot be held deficient for this claim. Petitioner fails to satisfy the first prong of the *Strickland*. The Motion to Vacate is DENIED as to this issue.

> **GROUND 4. Counsel was ineffective for failing to object to the fifteen year sentence as an armed career offender and that the period of supervised release should have been a part of the sentence and not in addition thereto and that the term of supervised release should be 3 years not 5 years**

The petitioner argues another ground that has been addressed and resolved on appeal at the Fourth Circuit. The petitioner did not have any objections to the Pre-sentence Report. As stated by the Fourth Circuit, this Court did not have the discretion to depart from the statutory minimum under 18 U.S.C. § 924(e). See United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). Any alleged failure to object to the sentence would have resulted in prejudice to the petitioner. The fifteen year sentence is mandatory for an offender with three prior convictions of violent felonies or serious drug offenses and the Court could not depart from the fifteen year minimum. The petitioner again cannot prove prejudice from the failure to object as required by *Strickland* and is further procedurally barred from raising this claim again as it was decided on appeal.

6:06-cr-01094-BHH     Date Filed 10/29/08    Entry Number 76     Page 8 of 10

Page 8 of   10

The petitioner also argues that the term of supervised release should only be three years and it should be a part of his imposed sentence. This Court explained the concept of supervised release at the plea hearing. The court stated that supervised release is the "time of supervision in addition to the term of imprisonment." (Guilty Plea Tr. P. 35). This Court also stated that the petitioner may have to serve more time if supervised release is violated. (Guilty Plea Tr. P. 35). This Court sentenced the petitioner according the statutory minimum for the offense to which he plead guilty. The Court imposed a term of supervised release no greater than what is authorized by 18 U.S.C. § 3583(b)(1). The Court finds that this claim is without merit, and in addition, the Fourth Circuit has reviewed the sentence imposed and has found it in accordance with the law. The petitioner's Motion to Vacate is also DENIED as to this issue.

### **CONCLUSION**

IT IS THEREFORE ORDERED that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 be DISMISSED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
October 29 , 2008

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.