UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rodricka Jermaine Gambrell, | ) | |
| | ) | C/A No. 6:06-cr-1094 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the petitioner's motion for modification or reduction of sentence based on a retroactive guideline amendment filed on May 28, 2009 and entered on June 1, 2009. For the reasons stated herein, the motion is DENIED.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The Petitioner was sentenced under 18 U.S.C. § 924(e)(1) for his § 922 violation. This section states:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The petitioner has the three prior violent felonies committed on occasions different from one another. According to the statute, a violent felony is :

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

The petitioner committed burglary of a dwelling on November 14, 1991. He pointed a firearm on April 27, 1992. He committed second degree arson and first degree burglary on May 26, 1992. In addition, he committed assault and battery of a high and aggravated nature on November 17, 2001. *See* Presentence Report (adopted without objection). Each of these offenses are violent felonies as defined by the statute and each occurred on occasions different from one another. The petitioner has the requisite number of prior violent felonies that would obligate the imposition of at least the mandatory minimum fifteen year sentence. The Court sentenced the petitioner according to the minimum required under the statute. As stated by the Fourth Circuit in affirming the sentence imposed upon the petitioner, this Court "had

no discretion to depart from the mandatory minimum sentence under 18 U.S.C. § 924(e)." *U.S. v. Gambrell*, No. 07-4409 (4th Cir. Oct. 23, 2007)(per curiam)(order affirming sentence).  The advisory Sentencing Guidelines were not used to determine his sentence and have no effect on his sentence.

The petitioner bases his motion on Amendment 709 to the advisory Sentencing Guidelines that he states has retroactive application.    *See* U.S.S.G. § 4A1.2(c) (2007), historical note; *see also* U.S.S.G. App. C., Amendment 709 (2007).    This Amendment was not made retroactive under § 1B1.10 of the Guidelines.  *See* U.S.S.G. § 1B1.10(c) ("Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.").  Amendment 709 is not listed in this section; therefore, the Court may not apply it retroactively on a § 3582(b)(2) or (c)(2) motion.  *See United States v. McHan*, 386 F.3d 620 (4th Cir. 2004). Amendment 709 would not change the calculation of his sentence under the advisory guidelines nor would it affect his statutory sentence.

IT IS THEREFORE ORDERED that the motion is DENIED.

IT IS SO ORDERED.

_____
G. Ross Anderson, Jr.
Senior United States District Judge

June 5 , 2009
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the defendant has the right to appeal this Order within ten (10) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**