UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America,    )<br>                              )<br>    Plaintiff,              )<br>                              )<br>v.                            )<br>                              )<br>Rodricka Jermaine Gambrell,   )<br>                              )<br>    Defendant.            )<br>_____) | C/A. No.: 6:06-cr-01094-GRA-2<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court on Defendant's *pro se* "Motion to Compel Specific Performance Pursuant to Fed. R. Crim. Pro. 35(b) based on Substantial Assistance Provided."  ECF No. 122.  For the reasons stated herein, this Court DENIES Defendant's motion.

## Background

On November 28, 2006, Defendant pled guilty, without a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (2000).  ECF No. 32.  On April 12, 2007, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), this Court sentenced Defendant to the statutory mandatory minimum of 180 months' imprisonment, plus five years supervised release.  ECF No. 38.  Following sentencing, Defendant filed a Motion for Sentence Reduction, which this Court denied on July 9, 2007.  ECF Nos. 54 & 56. Defendant also filed a direct appeal challenging the length of his sentence, and the Fourth Circuit affirmed Defendant's sentence in an unpublished opinion on October 23, 2007.  ECF Nos. 40, 61, & 63.  On September 15, 2008, Defendant filed a *pro se* motion with this Court to vacate, set aside, or correct his sentence, pursuant to 28

U.S.C. § 2255, which this Court dismissed on October 29, 2008.  ECF Nos. 71 & 76.  Defendant appealed this Court's decision, and the Fourth Circuit denied him a Certificate of Appealability and dismissed his appeal in an unpublished opinion filed on March 9, 2009.  ECF Nos. 79 & 90.  On May 28, 2009, Defendant filed a second Motion for Reduction of Sentence, which this Court denied on June 5, 2009.  ECF Nos. 93 & 94.  Defendant appealed that denial, and the Fourth Circuit affirmed this Court's decision in an unpublished opinion on October 27, 2009.  ECF Nos. 96, 101 & 103.  On November 3, 2010, Defendant filed a Motion for "Nunc Pro Tunc" Order Crediting Jail Time Served, which this Court construed as a 28 U.S.C. § 2255 motion and dismissed as an uncertified, successive petition on November 18, 2010.  ECF Nos. 105 & 106.  On December 21, 2011, Defendant filed a Motion under Judicial Notice to Amend/Correct his sentence, which this Court construed as a petition for habeas corpus relief under 28 U.S.C. § 2255 and dismissed as successive on January 10, 2012.  ECF Nos. 108 & 109.  Defendant appealed this Court's Order construing his Motion for Judicial Notice as an unauthorized successive § 2255 and dismissing it for lack of jurisdiction on February 21, 2011.  The Fourth Circuit denied him a Certificate of Appealability and dismissed his appeal in an unpublished opinion filed on June 25, 2012.  ECF Nos. 111 & 117.

Defendant filed the instant motion on June 10, 2014,[1] asking that this Court reduce his sentence pursuant to Fed. R. Crim. P. 35(b) for substantial assistance that he allegedly provided in investigating or prosecuting another person.  (Mot. Specific

---

[1] A *pro se* prisoner's motion is deemed filed at the time that it is delivered to prison authorities for mailing to the Clerk of Court.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).  Although a prison stamp is visible on the envelope, it is not dated; thus, the Court is using the postmarked date of June 10, 2014. ECF No. 122-1.

Performance 1.) ECF No. 122. The Court issued an Order directing the Government to respond by July 15, 2014. ECF No. 124. The Government subsequently made, and the Court granted, a Motion for Extension of Time to File Response/Reply, giving the Government until July 30, 2014 to respond. ECF No. 126 &128. On July 21, 2014, the Government filed its Answer to the Defendant's Motion to Compel a Rule 35(b) Filing, requesting that this Court deny the Defendant's request. ECF No. 133. The Court issued an Order directing the Defendant to respond within 15 days. ECF No. 134. The Defendant filed a reply to the Government's response on August 11, 2014, alleging again that his assistance substantially aided the Government in obtaining a conviction of Garcia Wilson for the cold-case murder of Curtis Martin. ECF No. 136.

### Standard of Review

Defendant brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. See *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. See *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). However, a court may not construct the *pro se* litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

## Discussion

Defendant moves this Court to compel the Government to file a Rule 35(b) motion to reduce the Defendant's sentence based on substantial assistance provided. Defendant bases this *pro se* motion for specific performance on allegations that the Government has acted in bad faith in failing to file a Rule 35 motion to reduce his sentence. Defendant alleges that he has provided substantial assistance to local law enforcement authorities in Greenville, South Carolina, in their investigation and prosecution of a homicide case involving Garcia Wilson.

It is well-settled that the decision to file a Rule 35(b) motion is a matter generally left to the government's discretion. *See* Fed. R. Crim. P. 35(b); *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). "The district court's authority to modify a sentence is limited and the law closely guards the finality of criminal sentences against judicial change of heart." *United States v. Blackshear,* 450 F. App'x. 241, 242 (4th Cir. 2011) (per curiam) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (internal quotation marks and brackets omitted)). However, "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *United States v. Sarvis*, 537 Fed.Appx. 252, 253 (4th Cir. 2013), UNPUBLISHED (citing *Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840 (1992)). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade,* 504 U.S. at 186. A defendant must make a

"substantial threshold showing" of improper motive on the part of the Government for not filing a Rule 35(b) motion to warrant an evidentiary hearing. *Id.* Accordingly, unless the movant makes a threshold showing that the Government's refusal to file a motion is "based on an unconstitutional motive," such as race or religious animus, or is "not rationally related to a legitimate governmental end," the Court is without authority to review the Government's discretionary decision not to file a Rule 35(b) motion. *Id.* Thus, under both § 3553(e) and § 5K1.1, "the district court's authority to depart is conditioned upon the government's filing a "substantial assistance" motion." *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001).

Defendant Gambrell has failed to show that the Government promised to file a subsequent Rule 35(b) motion to reduce his federal sentence. In fact, the affidavit of Assistant Solicitor L. Mark Moyer, lead prosecutor in the Garcia Wilson case, contradicts this position. (Gov't's Mem. Resp. Att. 1 (Moyer Aff. 18)). Additionally, the Court has contacted the U.S. Attorney's Office and requested information on any assistance Defendant has provided. The Court is informed that Defendant has not provided any unrewarded assistance to the Government.

Defendant further alleges that the Government "is acting in bad faith by not filing the rule 35(b) motion." ECF No. 122 at 3. As stated above, however, the movant must make a threshold showing that the Government's refusal to file a motion is based on an improper motive. *Wade*, 504 U.S. at 186. Unless the movant meets this threshold, the Court is without the authority to review the Government's discretionary decision not to file a Rule 35(b) motion. *Id*. "[The Fourth Circuit] has followed the Supreme Court's lead and strictly interpreted the *Wade* exceptions,

holding that the decision not to make a downward departure motion is properly within the [G]overnment's discretion." *Butler*, 272 F.3d at 686.

Here, the Defendant has failed to allege sufficient facts to illustrate an improper motive on the part of the Government or that any decisions were made in bad faith. In fact, it appears from the record that the Defendant himself acted inequitably and with "unclean hands." In his affidavit, Assistant Solicitor Moyer stated that he had no intention to call Defendant as a witness had the Wilson case gone to trial because of doubts about Defendant's truthfulness. (Gov't's Mem. Resp. Att. 1 (Moyer Aff. 5-7)). Defendant's sister, Kenyatta Gambrell, further admitted to Mr. Moyer that Defendant had asked her to lie to the court in order that Defendant might have a chance at a downward departure of his federal sentence. *Id.* at 11, 16. Accordingly, it appears that Defendant's assertion of a bad faith refusal by the Government to file a Rule 35(b) motion is without merit.

## Conclusion

For the reasons stated above, the Defendant has failed to set forth any evidence that the Government's failure to file a substantial assistance motion pursuant to Federal Rule of Criminal Procedure 35(b) is based on an unconstitutional motive or is not rationally related to any legitimate governmental end. Therefore, Defendant has failed to make the required "substantial threshold showing" to warrant a hearing. Furthermore, the Defendant has failed to establish that his cooperation amounted to substantial assistance. Accordingly, as the Government has filed no motion in the matter, this Court is unable to grant a reduction at this time.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel the Government to File a Rule 35(B)(2) Motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

August __26__, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL DECISION

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**